**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36455 & 36456 & 36919**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 481** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 25, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CODY JAMES FREER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders denying I.C.R. 35 motions for reduction of concurrent unified sentences of five years with two years determinate for felony possession of marijuana and possession of Oxycontin, <u>affirmed</u>. Judgment of conviction and concurrent unified sentence of five years with one year determinate for possession of Oxycodone, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and MELANSON, Judge
_____

PER CURIAM

This is a consolidated appeal. In Docket No. 36455, Cody James Freer pleaded guilty to felony possession of marijuana, Idaho Code § 37-2732(e). The district court entered a withheld judgment and placed Freer on supervised probation. In Docket No. 36456, Freer pleaded guilty to possession of Oxycontin, I.C. § 37-2732(c)(1), in violation of his probation in Docket No. 36455. The district court imposed concurrent unified sentences of five years with two-year determinate terms in each case, suspended the sentences and placed Freer on supervised probation. Subsequently, Freer was charged with possession of Oxycodone, I.C. § 37-2732(c)(1)

1

in Docket No. 36919. The district court revoked Freer's probation and ordered execution of the underlying sentences in Docket Nos. 36455 and 36456. Freer filed Idaho Criminal Rule 35 motions for reduction of his sentences which the district court denied.[1]

In Docket No. 36919, Freer pleaded guilty to possession of Oxycodone, and the district court imposed a unified sentence of five years with one year determinate to run concurrently with the sentences in Docket Nos. 36455 and 36456. Freer appeals, contending that his sentence in Docket No. 36919 is excessive. He also appeals the denial of his Idaho Criminal Rule 35 motions for reduction of the sentences in Docket Nos. 36455 and 36456.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho 447, 680 P.2d 869.

---

[1] Freer also was convicted of certain misdemeanors, but he does not appear to challenge those sentences on appeal.

Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing Freer's sentences nor in denying Freer's Rule 35 motions for reduction of those sentences. The judgments of conviction and sentences, and the orders denying Freer's Rule 35 motions, are affirmed.